JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 25-0596 JGB (SPx) | Date | June 30, 2025 |
|---|---|---|---|
| Title | *Stephanie Walker v. Exel Inc. et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Plaintiff's Motion to Remand (Dkt. No. 9); and (2) VACATING the July 7, 2025 Hearing (IN CHAMBERS)

Before the Court is Plaintiff Stephanie Walker's motion to remand. ("Motion," Dkt. No. 9.) The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the Motion, the Court **GRANTS** the Motion and **VACATES** the July 7, 2025 hearing.

## I. BACKGROUND

On October 15, 2024, plaintiff Stephanie Walker ("Plaintiff") filed a complaint against defendants Exel Inc. *dba* DHL Supply Chain (USA) ("DHL") and Manny Cuevas ("Cuevas") (Collectively, "Defendants") in the Superior Court of the State of California, County of San Bernadino. ("Complaint," Dkt. No. 1-2.) The Complaint alleges nine causes of action: (1) hostile work environment in violation of the Fair Employment and Housing Act ("FEHA"); (2) gender discrimination in violation of FEHA; (3) retaliation in violation of the California Family Rights Act ("CFRA"); (4) interference in violation of CFRA; (5) disability discrimination in violation of FEHA; (6) failure to engage in the interactive process in violation of FEHA; (7) retaliation in violation of FEHA; (8) failure to prevent harassment in violation of FEHA; and (9) wrongful termination in violation of public policy. (*Id.*)

On February 4, 2025, Plaintiff filed a Notice of Errata.  ("Errata," Dkt. No. 9-1 at 5-6.)  According to the Errata:

> Paragraph 1 of the Complaint states: "Plaintiff STEPHANIE WALKER is a female individual who resides in the State of **South Carolina**. At all times relevant to the subject of this action, Plaintiff lived and worked in the State of California."
>
> This should be changed to read: "Plaintiff STEPHANIE WALKER is a female individual who resides in the State of **California**. At all times relevant to the subject of this action, Plaintiff lived and worked in the State of California." Plaintiff has never lived in the State of South Carolina.

(Errata (emphasis added).)

On March 5, 2025, DHL removed the action to this Court pursuant to diversity jurisdiction.  ("Notice of Removal," Dkt. No. 1.)

On April 8, 2025, Plaintiff filed the Motion.  (See Motion.)  In support of the Motion, Plaintiff filed the declaration of attorney Kyle Pruner.  ("Pruner Decl.," Dkt. No. 9-1.)  DHL opposed the Motion on April 21, 2025.  ("Opposition," Dkt. No. 10.)  On April 28, 2025, Plaintiff replied.  ("Reply," Dkt. No. 11.)

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter from state court to federal court if the district court would have original jurisdiction.  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute."  Gunn v. Minton, 568 U.S. 251, 256 (2013).  A defendant may therefore remove civil actions over which the federal courts have original jurisdiction: (1) where a federal question exists or (2) where complete diversity of citizenship exists and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332.

For diversity jurisdiction to be proper, each plaintiff must be a citizen of a different state than each defendant.  In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008).  A corporation is a citizen of both the state in which it is incorporated and the state in which it maintains its principal place of business.  28 U.S.C. § 1332(c)(1).  The presence of any non-diverse party destroys complete diversity and deprives the Court of subject matter jurisdiction.  Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  The removing party bears the burden of establishing that removal is proper and must prove the existence of federal jurisdiction by a preponderance of the evidence.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir.

1996); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 683–85 (9th Cir. 2006); see also California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir.), opinion amended on denial of reh'g, 387 F.3d 966 (9th Cir. 2004). Any doubt regarding the propriety of removal must be resolved in favor of remand. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus, 980 F.2d at 566).

## II. DISCUSSION

Plaintiff argues that the Court lacks jurisdiction over the action because there is no complete diversity between the parties. (Motion at 1.) Plaintiff further argues that DHL's Notice of Removal is based on the erroneous and since-corrected allegation that Plaintiff resides in South Carolina. (Id. at 3.)

The parties do not dispute that DHL is a citizen of Ohio and Massachusetts and that Cuevas is a citizen of California. (Opposition at 1.)

Plaintiff's counsel, Kyle Pruner, declares under penalty of perjury that "Plaintiff at all times relevant to this action has been a resident of California." (Pruner Decl. ¶ 4.) Pruner further declares that "Plaintiff has never lived in the State of South Carolina. This was a drafting error due to my staff using another complaint as a template for the present action." (Id.)

While the Court admonishes Plaintiff's counsel for his drafting error that caused an unnecessary removal and wasted judicial resources, the Court finds that both Plaintiff and Defendant Cuevas are citizens of California. As such, the Court lacks diversity jurisdiction over the matter and must remand the case. 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Defendant argues that the Court should dismiss Defendant Cuevas from the action because he has not been timely served. (Opposition at 4.) Defendant further argues that "[u]pon dismissal of Cuevas, complete diversity will exist regardless of Plaintiff's claimed citizenship, as DHL Supply Chain's citizenship is in Ohio and Massachusetts." (Id.) Defendant does not argue that Cuevas was fraudulently joined. See Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018) ("In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined."). Because the Court lacks subject matter jurisdiction over the action, this Court is not the proper forum to hear Defendant's motion to dismiss. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. 506, 514 (1868).

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to remand (Dkt. No. 9) and **REMANDS** the case to the San Bernardino County Superior Court. The Clerk is

directed to close the file.  The July 7, 2025 hearing is **VACATED**.  The parties' requests to appear remotely (Dkts. No. 12, 15) are **DENIED AS MOOT**.

**IT IS SO ORDERED.**